NEW & KARFUNKEL, P.C.
1129 Bloomfield Avenue, Suite 215
West Caldwell, New Jersey 07006
Tel. (862) 210-8220
Attorney for Plaintiffs, Local 807 Labor-Management Health and Profit-Sharing Funds

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| LOCAL 807 LABOR-MANAGEMENT HEALTH AND PROFIT-SHARING FUNDS, | CIVIL ACTION |
| | DOCKET NO.: |
| Plaintiffs, | |
| vs. | PETITION TO CONFIRM ARBITRATION AWARD |
| P3 TRANSPORTATION LLC | |
| Defendant | |

Plaintiffs, Local 807 Labor-Management Health and Profit-Sharing Funds ("Funds") by their undersigned attorneys, as and for their Petition, allege and say:

1. The Funds petition this Court for an Order pursuant to the Federal Arbitration Act, ("FAA"), 9 U.S.C.A. §§ 9 and 13, confirming the award of the Arbitrator issued in favor of Petitioners on January 22, 2020, and directing that judgment be entered accordingly. This Petition is made on the following grounds.

2. At all times relevant, the Funds were, and still are, trust funds within the meaning of Section 302(c)(5) of the Labor Management Relations Act, ("LMRA"), 29 U.S.C. § 186(c)(5), and employee benefit plans within the meaning of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132(e) and (f), and are administered at 32-43 49th Street, Long Island City, New York 11103.

3. The Trustees of the Funds are fiduciaries within the meaning of Section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A). The Trustees maintain their principal place of business at 32-43 49th Street, Long Island City, New York 11103.

4. Upon information and belief, at all times relevant, Defendant, P3 Transportation LLC ("Defendant") is, and still is, a business entity duly organized and existing under the laws of the State of New Jersey, with a principal office located at 14 Susie Lane, Jackson, New Jersey 08527.

5. The jurisdiction of this Court is based upon Section 502(e) and (f) and ERISA, as amended, 29 U.S.C. § 1132(e) and (f), and FAA, 9 U.S.C.A. § 9. Venue properly lies in this District pursuant to 29 U.S.C. § 1132(e)(2) because the action is brought in the jurisdiction where the breach took place or where the Defendant may be found.

6. Defendant was a signatory to a collective bargaining agreement (CBA) with Truck Drivers Local 807, IBT ("Union").

7. The CBA requires Defendant to make certain payments to the various Funds.

8. Defendant is also bound by the Declaration of Trust of the Funds which require penalties whenever contributions to the Funds are not remitted.

9. Based upon the Trust Agreements, Defendant is to be assessed interest, liquidated damage of 20 percent, attorney's fees and cost of arbitration fees.

10. After finding that Defendant was duly notified of the hearing and considering all of the evidence presented in connection therewith, the Permanent Arbitrator, Earl Pfeffer, issued an award in writing against the Defendant. A copy of the award is attached hereto as Exhibit A.

11. With the award, the Arbitrator directed Defendant to make certain payments in the amount of $144,920.98, made up of judgments in favor the Profit

Sharing Plan in the amount of $57,075.58 and, in favor of the Health Fund in the amount of $87,845.40.

12. The Arbitrator promptly served a copy of the award upon Defendant. Notwithstanding the Decision and Award of the Arbitrator and notice of the same, Defendant has failed and refused in all respects, and continues to fail and refuse in all respects, to comply with the Decision and Award issued by the arbitrator.

WHEREFORE, Plaintiffs pray for the following relief:

(a) An Order confirming the Arbitration Award;

(b) Entry of a judgment or decree by the clerk which may be enforced as any other judgment or decree;

(c) Costs of this petition and of all subsequent proceedings and disbursements;

(d) Costs, attorney's fees, and interest thereupon, as provided by law; and

(e) Such other relief as the Court deems equitable.

NEW & KARFUNKEL, P.C.
Attorney for Plaintiff

By: _____
BENJAMIN A. KARFUNKEL

Dated: January 29, 2020

3

```
- - - - - - - - - - - - - - - - -X
In the Matter of the Arbitration   X
            between                 X
LOCAL 807 LABOR-MANAGEMENT HEALTH, X
AND PROFIT-SHARING FUNDS
                                    X
                "Funds"
                                    X
            -and-
                                    X
P3 TRANSPORTATION LLC
                                    X
                "Employer"
- - - - - - - - - - - - - - - - -X
```

**APPEARANCES**

    <u>FOR THE FUNDS</u>
    NEW & KARFUNKEL PC
      Benjamin Karfunkel, Esq.


    <u>FOR THE EMPLOYER</u>
    Philip R. Rueck, CEO




**BEFORE:**    Earl R. Pfeffer, Arbitrator



EXHIBIT A

## DISCUSSION AND FINDINGS

This arbitration involves a dispute between the Trustees of the Local 807 Labor-Management Health Fund ("Health Fund") and the Local 807 Profit Sharing Plan ("Profit Sharing Plan") (collectively, the "Funds") and P3 Transportation LLC (the "Employer") concerning the Employer's failure and refusal to pay contributions to the Funds in accordance with its obligations under its Collective Bargaining Agreement ("CBA") with Teamsters Local 807 (the "Union"), the Amendment and Restatement of the Agreement and Declaration of Trust for the Local 807 Profit Sharing Plan ("Profit Sharing Plan Trust Agreement"), the Restated and Amended Agreement and Declaration of Trust for the Local 807 Labor-Management Health Fund ("Health Fund Trust Agreement") and the Settlement Agreement dated March 11, 2019, between the Employer and the Profit Sharing Plan. An arbitration hearing was convened at the Funds Offices in Long Island City, New York, on December 4, 2019, at which the Funds, through its attorneys, presented evidence and argument in support of its claims for the unpaid contributions and for the interest, damages and costs the Employer is required to pay under the terms of the CBA and the governing Trust Agreements.

The Employer, represented by its CEO, Philip R. Rueck, did not contest the Funds' claims or dispute any of the evidence presented through the sworn testimony of Fund Manager Teresa

2

Casanova.[1]

Based upon the foregoing and my review of the arbitration record, I make the following findings of fact:

1. On or about June 1, 2017, the Employer entered into the CBA, under which it agreed, in Article 19, to participate in the Health Fund and in the Profit Sharing Fund. Article 19 requires payment of prescribed periodic contributions to the Health Fund and the Profit Sharing Plan.

2. Under Article 19.3, the Employer has agreed "to abide by all rules and regulations established by the Trustees of such Funds."

3. Under Article I, Section 11, and Article VI, Section 1(a), of the Profit Sharing Plan Trust Agreement, the Employer is required to make contributions to the Plan under the terms stated in the CBA. Those contributions are "an absolute obligation to the Plan," and under Article VI, Section 1(b), the Employer "shall submit Contributions to the Plan no later than the 20th calendar day of each month for all payroll periods during the preceding calendar month." So, too, "[t]he Employer shall complete and sign the Plan's Remittance Report Forms each month, regardless of whether it is submitting any Contributions for the month, and shall submit same along with the Contributions . . ."

4. Article VI, Section 2(a) of the Profit Sharing Plan Trust Agreement, states the Trustees "shall have the power to demand, collect and receive Employer Contributions and all other payments, money and property to which the Plan may be entitled."

---

[1] Mr. Rueck admitted the delinquency of the unpaid contributions, which is acknowledged in the Settlement Agreement and in subsequently submitted Remittance Reports. Joint Exhibits 8 and 9. The sole defense offered by the Employer is an inability to pay, which Mr. Rueck sought to demonstrate through the cover sheet of a bank statement from Investors Bank (Account No. 1000491507), Employer Exhibit 1, and Revenue Spreadsheet he prepared for the period January 2019 through November 2019. Employer Exhibit 2. Those submissions, I find, are not relevant to the issues before me.

3

5.   Under Article VI, Section 2(b) of the Profit Sharing Plan Trust Agreement, a failure by the Employer to pay Contributions when due, is a violation of the CBA and of its obligations under that Trust Agreement, and the Employer is liable for: (i) any unpaid or late Contributions; (ii) interest at the rate of eighteen (18) percent per year on any unpaid or late Contributions; (iii) liquidated damages in an amount equal to twenty (20) percent of the unpaid or late Contributions; and (iv) costs, including but not limited to attorneys' fees and costs which accrue or are incurred in collecting the late or unpaid Contributions, and auditor's fees.

6.   Under Article VI, Section 2(c) and 2(e) of the Profit Sharing Plan Trust Agreement, the Employer agrees that its obligation to pay Contributions as well as interest, damages and costs, including arbitrator's fees, may be enforced through arbitration, and an arbitration award in favor of the Employer shall require the payment of same and "such other relief that may be requested by the Trustees" or deemed appropriate by the arbitrator.

7.   The Employer has corresponding obligations under the Health Fund Trust Agreement. In particular, it is obligated under Article I, Section 1(a) and Article IV, Section 1(a) of said Agreement, to pay Contributions to the Health Fund in the amounts stated in the CBA. The Employer has agreed those Contributions "constitute an absolute obligation to the Fund." Under Article IV, Section 3(b), Contributions are Fund assets from the date they are due, and the failure to pay them is a violation of the CBA as well as of the Health Fund Trust Agreement.

8.   The Trustees of the Health Fund, under Article IV, Section 3(a) and 3(c), are empowered to demand, collect and receive amount due, and to commmence legal proceedings, including arbitration, for the purpose of enforcing the Employer's obligations to pay required Contributions, as well as interest, damages and costs associated with enforcing those obligations.

9.   Under Article IV, Section 3(e), an arbitration award in favor of the Trustees of the Health Plan shall require the Employer pay, (i) any unpaid or late Contributions; (ii) interest at the rate of eighteen (18) percent per

4

   year; and (iii) liquidated damages equal to twenty (20) percent of the unpaid or late Contributions.

10. On or about March 11, 2019, the Employer and the Profit Sharing Fund entered into the Settlement Agreement, whereunder P3 agreed, in resolution of a claim for unpaid Contributions during the period January 2018 through February 2019, immediately to pay the Fund $34,005.72, and also, beginning April 7, 2019, and thereafter for the next eight (8) months on the seventh (7th) day of each month, to make payments of $12,202.26. The Employer additionally agreed to pay the $1,200.00 cancellation fee for the arbitration which was adjourned when the parties entered into the Settlement Agreement.[2]

11. In paragraph 1 of the Settlement Agreement, the Employer further agreed,

> **In the event that P3 is late, by more than 10 days in any of these payment[s], without notice required by the Fund, the entire amount due shall be accelerated and immediately due, minus any payments previously made in this Settlement. In addition, the Fund may seek additional interest at 18% per annum and reasonable counsel fees and costs incurred in the enforcement of the Agreement.**

12. Casanova testified the last payment the Funds received from the Employer under the Settlement Agreement was on or about August 7, 2019. Accordingly, she explained, **the**

---

[2] My July 22, 2019, bill for the cancellation, **Invoice No. G-3239 for $1,200.00** (Joint Exhibit 4), was paid by the Funds, which now, through this arbitration, seeks reimbursement consistent with the terms of the governing agreements. I find reimbursement is appropriate. In addition, I have submitted to the Funds, copies, affixed hereto as Attachments A and B, of my Invoices Nos. G-3339 (to the Health Fund) and G-3340 (to the Profit Sharing Plan) for $1,800.00 each, in the combined amount of **$3,600.00** for the December 4, 2019, arbitration and for my preparation of this Opinion and Award. Accordingly, **the total costs in arbitration fees billed to the Funds in connection with this dispute, and for which it seeks reimbursement, is $4,800.00.**

5

       **Funds still remains obligated to the Profit Sharing Plan** under the Settlement Agreement for **four (4) payments of $12,202.26 each**, for the period September 7, 2019, through December 7, 2019, **for a total of $48,809.04**, plus interest at 18% per annum on the unpaid balance. According to Casanova, and as reflected in a spread sheet entered into evidence as Joint Exhibit 10, **the interest due** on the unpaid Settlement Agreement installments, **through the date of the hearing, December 4, 2019**, was $2,928.54.

13. In addition, I have determined to assess **one-half (½) of the attorneys fees** charged for the preparation and presentation of this arbitration as **moneys owed to the Profit Sharing Plan**. Similarly, **one-half of my arbitration fees** are properly chargeable to the Employer as sums **owed the Profit Sharing Plan**. Accordingly, the Employer is liable **to the Profit Sharing Plan for $2,400.00 in arbitration fees, and for $2,938.00 in attorneys fees**.[3]

14. The **total owed the Profit Sharing Plan** by the Employer is:

| | |
|---|---|
| **Unpaid installments under Settlement Agreement** | $48,809.04 |
| **Interest on Unpaid Installments** | $ 2,928.54 |
| **Attorneys' Fees** | $ 2,938.00 |
| <u>**Arbitration Fees**</u> | <u>$ 2,400.00</u> |
| **TOTAL owed the Profit Sharing Plan** | $57,075.58 |

15. The Employer has submitted to the Health Fund its Remittance Report Forms for the months April 2019 through November 2019, which show the "Health & Pension Hours"

---

[3]The firm New and Karfunkel, PC, through its member, Benjamin Karfunkel, Esq., has submitted an itemized invoice for all work performed in preparation and presentation of the Funds' case at arbitration. Joint Exhibits 5a and 5b. I have reviewed same and have determined the charges are reasonable and proper. The total **attorney's fees** billed by counsel, **$5,876.00**, shall be shared equally by the Health Fund and the Profit Sharing Plan, with **$2,938 in attorneys' fees chargeable to each Fund**, and payable under this Opinion and Award by the Employer.

6

worked by P3 employees covered by the Health Plan.[4] The Health Fund, in this proceeding, does not dispute the accuracy of the reported hours, which total 7,352 for the eight (8) month period. No contributions were made for any of the hours reported on these Remittance Forms, and the Health Fund has indicated the total in unpaid contributions for the delinquent period is **$65,248.88**, and the interest due on same, as of January 14, 2020, at eighteen percent (18%) per annum is **$4,208.74**.[5] These calculations are not disputed. The undisputed **Liquidated damages** owed under the terms of the Trust Agreement (20% of unpaid or late contributions) are **$13,049.78**.

16. In addition, the **fifty percent (50%) of the attorneys' fees total, payable to the Health Fund, is $2,938.00**, and **one half (½) of my arbitration fees** for the cancelled March 2019 hearing, as well as the December 4, 2019, hearing and the preparation of this Opinion and Award **is $2,400.00**.

17. The **total owed the Health Fund** by the Employer is:

| | |
|---|---|
| **Unpaid Contributions, April through November 2019** | $65,248.88 |
| **Interest on Unpaid Contributions** | $ 4,208.74 |
| **Liquidated Damages** | $13,049.78 |
| **Attorneys' Fees** | $ 2,938.00 |
| **Arbitration Fees** | $ 2,400.00 |
| **TOTAL owed the Health Fund** | $87,845.40 |

**JUDGMENT AGAINST THE EMPLOYER**              **$144,920.98**

\*   \*   \*

---

[4]The Remittance Report Forms for April through October 2019 were admitted into evidence as Joint Exhibit 9. At my request, the Funds submitted to me the Employer's Remittance Report Form for November 2019, received by the Health Fund after the hearing, on or about December 20, 2019. I have incorporated that form into Joint Exhibit 9.

[5]This figure was provided in the chart attached to the January 14, 2020, email from Mr. Karfunkel, which was not contested by the Employer.

The foregoing Judgment is final as to the issues I am able to decide at this time. This decision perforce cannot determine the Funds' total loses and damages, for under the Trust Agreements, Joint Exhibit 1, Article VI, Section 2(b), and Joint Exhibit 6, Article IV, Section 3(e), the Funds may identify in an action to enforce this Judgment that additional contributions owed by the Employer after November 2019 have not been paid, and it may demand payment of same, including additional liquidated damages and interest. So, too, the interest which must be paid to satisfy fully the Funds' claims in this case continues to accrue until all the delinquencies, including the interest, damages and costs ordered herein, are paid. I shall retain jurisdiction, if necessary, to decide any disputes arising out of these obligations of the Employer.

Accordingly, based on the foregoing, I make the following Award:

**AWARD**

1. Based upon my careful review of the arbitration record, and as explained in the foregoing Decision, I find the Employer, P3 Transportation LLC, is liable to the Funds for the following unpaid contributions, interest thereon, liquidated damages and costs:

   *To the Profit Sharing Plan:*   $57,075.58
   *To the Health Fund:*           $87,845.40

   *JUDGMENT AGAINST THE EMPLOYER IS FOR $144,920.98*

2. I shall retain jurisdiction, if necessary, to decide any disputes arising out of these and related obligations of the Employer, as discussed herein.

Dated: January 22, 2020.

_____
Earl R. Pfeffer, Arbitrator


STATE OF NEW JERSEY )
                    ) ss.:
COUNTY OF ESSEX     )


I, EARL R. PFEFFER, do hereby affirm upon my oath as Arbitrator that I am the individual described herein and who executed this instrument, which is my Award.

Dated: January 22, 2020.

_____
Earl R. Pfeffer, Arbitrator

9